IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOMONIQUE WILLIAMS,

        Plaintiff,

   v.

RICK ANGALOZZI, et al.,

        Defendants.

Case No. 3:18-cv-01286-SI

ORDER TO DISMISS

SIMON, District Judge.

Plaintiff, an inmate at the Columbia River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is on the basis that it is frivolous. *See* 28 U.S.C. § 1915(e)(2).

///

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges that he suffered an injury to his upper back and neck while exercising, and that Defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Specifically, Plaintiff asserts that despite his chronic spinal condition, Defendants have repeatedly denied him proper medication and an MRI. Plaintiff seeks compensatory damages of $750,000 and punitive damages of $1,500,000.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

2 - ORDER TO DISMISS

suffice." *Iqbal*, 129 S.Ct. at 1949. Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## **DISCUSSION**

This is not the first federal case Plaintiff has filed pertaining to prison officials' alleged refusal to provide him with proper treatment for his neck and back injury. Prior to filing this lawsuit, on July 9, 2018, Plaintiff filed *Williams v. Angelozzi*, 3:18-cv-01213-SI, stating that he suffered an injury to his upper back and neck and, while an x-ray revealed that he had a spinal narrowing condition, prison officials denied his request for an MRI and pain medication. Although Plaintiff labeled the civil lawsuit as one seeking habeas corpus relief, the Court construed the action as a prisoner civil rights case arising under 42 U.S.C. § 1983. It advised Plaintiff of the proper pleading standards for his civil rights challenge and allowed him leave to file an amended pleading which is currently due September 27, 2018.

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See e.g., Cato v. United*

3 - ORDER TO DISMISS

*States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995);. *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). "[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007); *see also Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (a suit is duplicative of another "if the claims, parties, and available relief do not significantly differ between the two actions.").

Where Plaintiff brings two civil rights cases that challenge the same decisions denying his desired medical care related to the same injury, the latter case is subject to dismissal on the basis that it is duplicative of the first and, therefore, frivolous. This dismissal does not prevent Plaintiff from continuing to litigate 3:18-cv-01213-SI.

### CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#2) is DISMISSED as frivolous. The dismissal is

without prejudice to Plaintiff's right to continue to litigate 3:18-cv-01213-SI.

Additionally, for the reasons set forth above, this Court certifies that any appeal from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

IT IS SO ORDERED.

DATED this 4th day of September, 2018.

Michael H. Simon
United States District Judge